## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

|  |  |
|---|---|
| SABRINA LYNETTE WILLIAMS | Case No.  06 B 14472 |
|  | Chapter 13 |
| DEBTOR(S), | Judge Jacqueline P. Cox |

## AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF UPON DEFAULT

THIS CAUSE coming on to be heard on the motion of UNIVERSAL MORTGAGE CORPORATION (hereinafter "Creditor") for relief from the automatic stay, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1.      That Creditor must receive the following payments by the corresponding dates:

   a.      $82.24 plus the September, 2009 post-petition mortgage payment and late charge on or before the last day of that month;

   b.      $82.24 plus the October, 2009 post-petition mortgage payment and late charge on or before the last day of that month;

   c.      $82.24 plus the November, 2009 post-petition mortgage payment and late charge on or before the last day of that month;

   d.      $82.24 plus the December, 2009 post-petition mortgage payment and late charge on or before the last day of that month;

   e.      $82.24 plus the January, 2010 post-petition mortgage payment and late charge on or before the last day of that month;

   f.      $82.24 plus the February, 2010 post-petition mortgage payment and late charge on or before the last day of that month;

2.      That Creditor must receive the payments listed in Paragraph #1 on or before the corresponding date. If Creditor fails to receive any one scheduled payment, the repayment schedule is void and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing

its interest, upon filing of notice of same with the clerk of the court;

3.      That upon completion of the repayment schedule of paragraph #1 or tender of funds to bring the loan post-petition current under paragraph #2, the Debtor must continue to make "timely" post-petition mortgage payments directly to Creditor continuing monthly thereafter for the pendency of the bankruptcy;

4.      That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not effect what constitutes currency of the loan post-petition);

5.      That if Creditor fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.      Creditor's post-petition bankruptcy fees and costs of $650.00 are allowed and may be added to the indebtedness secured by the subject mortgage.  These fees and costs will be included in the plan arrears.  Creditor is granted leave to amend its proof of claim to add the aforementioned fees and costs;

7.      In the event that Codilis & Associates, P.C. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.  In the event that attorneys fees are not paid pursuant to this order, they are deemed allowed and may be added to the indebtedness secured by the subject mortgage;

8.      In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

ENTER:      _Jacqueline P. Cox_

DATED: _9/14/09_

_9 . Cox_

_____
UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346

Joel P. Fonferko ARDC#6276490
Maria A. Georgopoulos ARDC#6281450
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C & A File No. (14-09-16727)**